IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRC GROUP, LLC, a California Limited
Liability Co.,

    Plaintiff,

  v.

QUEPASA CORPORATION, a Nevada
Corporation, and DOES 1 to 10, inclusive,

    Defendants.

No. C 09-01506 WHA

**ORDER DENYING
DEFENDANT'S MOTION
TO DISMISS AND
TRANSFER VENUE**

## INTRODUCTION

This is a motion to dismiss pursuant to Rule 12(b)(3), Rule 12(b)(6), Rule 12(b)(1), and to transfer venue pursuant to 28 U.S.C. 1404(a). For the following reasons, defendant's motion is **DENIED**.

## STATEMENT

This action was instituted following a contract dispute between plaintiff BRC Group and defendant Quepasa, two businesses, on an advance to a $600,000 loan. Plaintiff alleges that Quepasa failed to uphold its contractual lending obligations by refusing to issue an advance of $250,000 in connection with plaintiff's business plan. As a result, plaintiff claims monetary damages for breach of contract and requests specific performance of the loan agreement.

A central dispute in this case concerns the enforceability of three separate forum-selection clauses in the various contractual agreements formed by the parties.

These forum-selection clauses, no two of which are identical, were respectively contained in a loan agreement, a promissory note to the loan agreement, and a webpage development and hosting agreement, which together form the Agreement between the parties for the purposes of this order.

Section 5.5 of the loan agreement reads, in relevant part:

> Governing Law and Venue. This Agreement and all other Loan Documents will be executed and delivered in, and shall be governed by and construed in accordance with the substantive laws and judicial decisions of the State of Arizona . . . . Borrower expressly acknowledges and agrees that any judicial action to enforce the right of Lender under this Agreement or any of the other Loan Documents may be brought and maintained in the venue(s) described in paragraph 14 of the Note. Borrower waives any objection thereto based on improper venue or the alleged inconvenience of such a court as a forum.

In turn, paragraph 14 of the note provides:

> Governing Law and Venue. This Note . . . shall be governed by and construed according to the substantive laws and judicial decisions of, the State of Arizona . . . . Any action brought to enforce this Note may be commenced and maintained, at Holder's option, in any state or federal district court in Arizona, or in any other court having personal jurisdiction over Maker.

The hosting agreement, which incorporates the two preceding agreements by reference, reads in relevant part:

> Governing Law and Jurisdiction. This Agreement shall be governed by and interpreted under the laws of the State of Arizona without regard to the conflict of laws principles. All disputes under this Agreement shall be resolved by litigation in the state and federal courts located in Maricopa County, Arizona. Each party hereby consents to the jurisdiction of and venue in such courts . . . and hereby waive any objections or defenses to jurisdiction or venue in such court.

Neither party addresses the discrepancies between the provisions of the forum-selection clauses, proposes a solution for their harmonization by means of principles of contract interpretation, or offers a theory by which any of these clauses should be considered to be controlling.[1]

---

[1] As the governing law and venue clause in the loan agreement defers to the forum-selection clause in the note, this order subsequently will focus on the language of the note. What applies for the note equally applies for the loan agreement.

2

**ANALYSIS**

**1.  JUDICIAL NOTICE.**

Courts may consider material not appended to the complaint such as court filings and matters of public record without converting a motion to dismiss into one for summary judgment. *Lee v. Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).  Plaintiff contends that the note and hosting agreement are extrinsic to the complaint.  Plaintiff therefore argues that the loan agreement alone, which is attached to the complaint, should be considered in this order for the purposes of a motion to dismiss.  This position is untenable.

At the outset, plaintiff does not challenge the authenticity of, or deny its own reliance on, defendant's court filings.  Plaintiff concedes that its own court filings make reference to the promissory note and hosting agreement, but nevertheless argues that the note should not be considered along with the complaint.  This is not a winning argument.  Documents attached to the complaint may be considered in addition to the allegations contained in the complaint. *Amfac Mortg. Corp. v. Arizona Mall of Tempe, Inc.*, 583 F.2d 426, 429–30 (9th Cir. 1978). In *Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir. 1998), the Ninth Circuit held that a defendant could use a document in a motion to dismiss even if it was not explicitly referred to in plaintiff's complaint.  The policy concern underlying this rule was to "prevent plaintiffs from surviving a 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Ibid.*

Here, the documents attached to defendant's motion were incorporated by reference in the loan agreement attached to plaintiff's complaint.  Plaintiff expressly relies on the loan agreement, which forms the basis of its complaint. *Cf. In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999).  Given that plaintiff does not challenge the validity of the attached documents, plaintiff's effort to exclude them from consideration is precisely the sort of practice that the Ninth Circuit undertook to eliminate in *Parrino*.  This order thus finds that the

agreements submitted by the parties are properly the subject of judicial notice, at least as to the fact and date of their formation and their terms. Fed. R. Evid. 201(b)(2).[2]

### 2. ENFORCEMENT OF THE FORUM-SELECTION CLAUSES.

Defendant moves to dismiss this action on the ground that the forum-selection clauses are enforceable and confer venue on courts in Maricopa County, Arizona. A motion to dismiss on the basis of a forum-selection clause is governed by Rule 12(b)(3). *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). Federal law applies. "A contractual forum-selection clause is prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *Docksider, Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762, 763 (9th Cir. 1989). The burden of proof is "heavy" and must be borne by the party challenging the clause. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 (1992).

The presumption in favor of enforcement can be rebutted if the forum-selection clause is shown to be unreasonable in one of three ways: (1) inclusion of the clause in the agreement was the product of fraud or overreaching; (2) the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and (3) enforcement would contravene a strong public policy of the forum in which suit is brought. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004). Plaintiff, as the resisting party, does not challenge the validity or reasonableness of the clauses.

A valid forum-selection clause can still be challenged on the ground that it is merely permissive, rather than mandatory. The express language of a forum-selection clause may render it mandatory in one of two ways: (1) where it clearly designates a forum as the exclusive one, or (2) where it specifies venue in addition to jurisdiction. *Northern California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F. 3d 1034, 1037 (9th Cir. 1995). As the *enforceability* of the forum-selection clauses is not at stake, the sole issue to be resolved here is whether the forum-selection clauses *must be enforced*, namely, whether they are mandatory or permissive.

---

[2] Unless indicated otherwise, internal citations are omitted from all quoted authorities.

4

1    In *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 76 (9th Cir. 1987), the Ninth Circuit examined a forum-selection clause analogous to that found in the note. It provided: "the Buyer and Seller expressly agree that the laws of the State of California shall govern the validity, construction, interpretation and effect of this contract. The courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter or the interpretation of this contract." *Hunt Wesson* distinguished the forum-selection clause in that case from one the court previously examined in *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273 (9th Cir. 1984). The forum-selection clause in *Pelleport*, which featured imperative, exclusive language, read: "[a]ny and all disputes arising out of or in connection with this Agreement shall be litigated only in the Superior Court for Los Angeles, California (and in no other)." *Id.* at 275.

The Ninth Circuit held that the *Pelleport* forum-selection clause was mandatory whereas the *Hunt Wesson* clause was merely permissive. The clause in the latter case clearly conferred jurisdiction on the Orange County Superior Court, but nowhere did it stipulate that the court would have "exclusive and mandatory jurisdiction." *Hunt Wesson*, 817 F.2d at 78. In contrast, the forum-selection clause in *Pelleport* by its plain language unequivocally and explicitly provided for both exclusive jurisdiction and venue.

Here, the forum-selection clause in the note is similar to the *Hunt Wesson* clause. It indicates that Arizona law "shall" apply and provides that enforcement actions "may" be brought in any state or federal court in Arizona. While this clause demonstrates that Arizona courts will have jurisdiction over enforcement actions, it says nothing about the exclusivity of that jurisdiction. The forum-selection clause contained in the note is therefore permissive.

Finally, defendant argues that the forum-selection clause in the hosting agreement requires Maricopa County venue. While defendant cites *Docksider* in support of their contention that the hosting agreement's forum-selection clause is mandatory, the emphasis of its argument is misplaced. 875 F.2d at 763. Even if this forum-selection clause were mandatory, defendant would still need to show why the hosting agreement should control the provisions of the loan agreement and note and, more importantly, why the forum-selection clause in the hosting

5

1  agreement is even relevant to this case, considering that plaintiff filed suit on the loan agreement
2  and note, not the hosting agreement.

### 3. FORUM NON CONVENIENS.

Defendant moves to transfer venue to Arizona pursuant to 28 U.S.C. 1404(a). Section 1404(a) states, in pertinent part: "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." District courts possess broad discretion when considering factors such as convenience and fairness under Section 1404(a). *Jones v. GNC Franchising*, 211 F.3d 495, 498 (9th Cir. 2000).

On a motion to transfer, a defendant "must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Moreover, "courts will not transfer an action unless the 'convenience' and 'justice' factors strongly favor venue elsewhere." *Ravelo Monegro v. Rosa*, 211 F.3d 509, 513 (9th Cir. 2000). A party moving to transfer on grounds of forum non conveniens must show: (1) the existence of an adequate alternative forum, and (2) that the balance of private and public interest factors weighs in favor of dismissal. *Piper Aircraft v. Reyno*, 454 U.S. 235, 238 (1981).

At the outset, defendant fails to make any convincing showing that plaintiff's choice of forum should be upset. Defendant states that as for "plaintiff's choice of forum, it should be ignored. [Plaintiff] chose to ignore the parties' agreement that disputes would be resolved in Arizona and instead filed suit in California. Thus, the plaintiff's choice of forum should be given no weight in this analysis" (Br. 8). As previously discussed, the controlling provisions of the loan agreement and promissory note are permissive, not mandatory. That being the case, plaintiff was at liberty to choose its preferred forum. Defendant bears the burden of showing that plaintiff's choice of forum is outweighed by relevant competing factors. Defendant has not shown that transfer is appropriate: it elected not to develop the balancing factors in its argument and instead relied on the tit-for-tat argument that plaintiff's choice of forum should simply be ignored because plaintiff chose not to bring suit in Arizona.

6

### 4.     FAILURE TO STATE A CLAIM.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Material factual allegations of the complaint are taken as true and construed in the light most favorable to the nonmoving party, but courts are not bound to accept as true "a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. In order to defeat a Rule 12(b)(6) motion to dismiss, a claim must be factually supported and plausible on its face — conclusory legal allegations and speculative inferences do not suffice. *Ibid.*

Defendant maintains that plaintiff's complaint fails to state a claim because defendant had no obligation to lend and therefore could not have breached the loan agreement by withholding an advance on the loan. This argument is based on the language of the following clause: "[a]dvances under the Loan will be made at Lender's discretion in accordance with the advance schedule set forth in paragraph (b) below, but only if an Event of Default has occurred and has not been cured within any grace or cure period." Defendant correctly asserts that contracts should not be construed in a manner that renders the document, or portions thereof, meaningless. *See, e.g., Grav v. Travelers Indemnity Co.*, 280 F.2d 549, 552 (9th Cir. 1960). Construing this clause of the loan agreement in a manner that gives effect to all of its material terms and renders none superfluous, there is only one reasonable reading.

Defendant argues that the provision quoted above grants it "unfettered" discretion over whether to make advances as set forth in the loan schedule. Construed in this manner, the second clause would be without effect. Read in its entirety, the provision states that *if* there is an uncured default, *then* the lender may decide to issue or withhold loan advances at its discretion. This limitation obviously serves the purpose of affording defendant Quepasa, the lender, some leeway should plaintiff demonstrate that it is no longer in a position to honor the agreement and repay the loan. The provision's second clause therefore placed a condition on loan advances — it did not give defendant absolute discretion vis-a-vis their compliance with the loan

7

agreement. The clear and unambiguous language of the contract required defendant to make loan advances in accordance with the schedule *on the condition that* plaintiff did not default.

### 5. LACK OF DIVERSITY JURISDICTION.

Pursuant to 28 U.S.C. 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil claims where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." It is undisputed that the parties to this action are citizens of different states. As a result, diversity jurisdiction exists if plaintiff has met the amount in controversy requirement. The amount in controversy requirement is generally determined by the amount claimed in the complaint, and this amount controls if the complaint was made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938). Nonetheless, a district court may be justified in dismissing the action where it appears to a legal certainty that the actual claim is less than the jurisdictional amount. *Lowdermilk v. United States Bank Nat'l Assoc.,* 479 F.3d 994, 999 (9th Cir. 2007). The heavy burden of demonstrating to a legal certainty that a claim cannot meet the jurisdictional amount rests on the party seeking removal. Where the relief sought is equitable, the amount in controversy requirement may be met where the value to the plaintiff of the specific relief sought meets or exceeds the statutory minimum. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 958 (9th Cir. 2001).

A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." If the Rule 12(b)(1) motion makes a facial attack, the court must accept all material factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Roberts v. Corrothers*, 812 F.2d 1173, 1178 (9th Cir. 1987).

Here, defendant's Rule 12(b)(1) motion involves both a factual and a facial attack. *First*, defendant advances a factual attack against amount of monetary damages claimed by

8

1 plaintiff. Defendant argues that the principal of the loan is not recoverable as a matter of law
2 and that plaintiff's alleged consequential damages cannot exceed $75,000. The parties dispute
3 both points. At present, however, defendant's challenge to the amount of monetary damages
4 claimed by plaintiff need not be considered because this order finds that plaintiff's alternative
5 request for specific performance satisfies the amount in controversy requirement. *See In re Ford*
6 *Motor Co. / Citibank (South Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001).

7      *Second*, defendant facially attacks the legal sufficiency of plaintiff's claim for specific
8 performance of the loan agreement. Defendant argues that plaintiff cannot possibly meet the
9 amount in controversy requirement to establish federal jurisdiction. In considering this argument,
10 this order considers the allegations in the complaint as true and draws all reasonable inferences
11 in favor of the plaintiff. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

12      Here, defendant has not established to a legal certainty that the allegations in the
13 complaint cannot meet the amount in controversy requirement. It is only *disputed*, *not*
14 *implausible*, that the amount requested by plaintiff in the form of equitable relief exceeds the
15 statutory minimum. As plaintiff has pleaded damages in the amount of $250,000, the duty falls
16 to defendant to prove to a legal certainty that the legal theory on which this figure is based is
17 unsupportable as a matter of law. Defendant has not accomplished this feat.

18      Defendant points out that Arizona courts generally will not order specific performance
19 of a contract to loan money. *See Cuna Mutual Ins. Soc'y v. Dominguez*, 450 P.2d 413, 416
20 (Ariz. 1969). This general rule is subject to exceptions, such as where the borrower's remedy
21 at law is inadequate. Defendant's conclusory argument that no set of circumstances could show
22 that plaintiff's remedy at law is inadequate does not demonstrate *to a legal certainty* that the
23 amount in controversy requirement has not been met. Moreover, there is nothing in the briefing
24 or the complaint to suggest that plaintiff's allegations regarding the amount in controversy were
25 made in bad faith. This order therefore concludes that dismissal under Rule 12(b)(1) for lack of
26 diversity jurisdiction is not warranted.

27
28

9

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss and transfer venue is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 7, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE