IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRC GROUP, LLC, a California Limited
Liability Co.,

    Plaintiff,

v.

QUEPASA CORPORATION, a Nevada
Corporation, and DOES 1 to 10, inclusive,

    Defendants.
                                                /

No. C 09-01506 WHA

**ORDER DENYING PLAINTIFF COUNSEL'S MOTION TO WITHDRAW**

    In this contract dispute between two businesses, plaintiff's counsel Sinsheimer Juhnke Lebens & Melvor moves to withdraw as counsel of record for plaintiff BRC Group, LLC due to plaintiff's alleged failure to pay SJLM. This motion is not accompanied by the simultaneous appearance of substitute counsel. Under Civil Local Rule 11-5(a), counsel "may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." When withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the parties to appear *pro se*, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the clients appear by other counsel or *pro se*. Civil L.R. 11-5(b).

    Attorney Roger B. Frederickson of SJLM has submitted a sworn declaration that he has "communicated with BRC regarding SJLM's intent to withdraw" (Frederickson Decl. at 4). It is unclear from his declaration whether reasonable advance written notice was provided pursuant to

the local rules to plaintiff and to defendants. No details are provided regarding the dates of his communications with plaintiff, whether they were in writing, or whether he communicated with defendants at all. In addition, plaintiff is a corporation, and corporations cannot appear *pro se*. Civil L.R. 3-9(b). There is no indication as to the status of plaintiff's search for substitute counsel, if any. Plaintiff's lack of representation would therefore create unnecessary delay.

SJLM cannot be allowed to leave its client without representation. Thus, the request to withdraw as counsel is **DENIED** until plaintiff obtains substitute counsel. Plaintiff should work with its current counsel to obtain new counsel so that current counsel can be relieved. In the meantime, SJLM retains all the responsibilities of counsel of record.

**IT IS SO ORDERED.**

Dated: February 17, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE